**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-6184**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

PATRICE BEHANZIN WILSON, a/k/a K-Mel,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  W. Earl Britt, Senior District Judge.  (CR-96-34)

———————

Submitted:  July 15, 2004          Decided:  July 21, 2004

———————

Before MOTZ, KING, and GREGORY, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Patrice Behanzin Wilson, Appellant Pro Se.  Robert Edward Skiver, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Patrice Behanzin Wilson seeks to appeal the district court's order denying his Fed. R. Crim. P. 33 motion for a new trial. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Criminal defendants may file an appeal within ten days after the entry of the district court's final judgment. Fed. R. App. P. 4(b)(1)(A). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying Wilson's Fed. R. Crim. P. 33 motion was entered on the docket on July 24, 2003. Wilson's notice of appeal was filed on November 12, 2003.[*] Because Wilson failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal as untimely. We further deny Wilson's motion to file his notice of appeal out of time and his motion to overturn the conviction and for release from confinement. We dispense with oral argument because the facts and legal contentions are adequately presented in

---

[*]For the purpose of this appeal we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

- 2 -

the materials before the court and argument would not aid the decisional process.

DISMISSED